# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY, *Plaintiff*, v. WOLVERINE WORLD WIDE, INC., *Defendant*. | Civil Action No. 1:18-cv-00039 Hon. Janet T. Neff |
| WOLVERINE WORLD WIDE, INC., *Third-Party Plaintiff*, v. 3M COMPANY, *Third-Party Defendant*. | |

**THIRD-PARTY DEFENDANT 3M COMPANY'S
PRE-MOTION CONFERENCE REQUEST**

Pursuant to Section IV(A)(1)(b) of the Court's Civil Practice Guidelines, Third-Party Defendant 3M Company (3M) requests a pre-motion conference so that it may file a motion to dismiss Wolverine World Wide, Inc.'s (Wolverine) third-party complaint (complaint). The 18-count complaint alleges that 3M supplied Wolverine with Scotchgard, a product containing per- and polyfluoroalkyl substances (PFAS), without disclosing known, purportedly harmful effects of PFAS when disposed of in the environment. Wolverine discharged PFAS-containing tannery waste into the environment, resulting in alleged damage to its own property and the potential for incurring remediation costs now and in the future.

The complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. Subject to 3M's ongoing research, and without waiving any potential arguments, 3M plans to assert the following arguments against the complaint.

**Statute of limitations (all counts)**: Some or all of Wolverine's claims are barred by applicable statutes of limitations, and Wolverine has not adequately alleged a basis to toll the limitations periods.

**Common Law Indemnity (Counts I-III)**: Wolverine's common law indemnity claims fail because Wolverine was actively negligent with respect to the underlying events. *See St. Luke's Hosp. v. Giertz*, 581 N.W.2d 665 (Mich. 1998).

**Fraud (Counts IV-V)**: Wolverine's fraud claims fail because Wolverine fails to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

**Nuisance (Counts VI-VII)**: Wolverine's nuisance claims fail because 3M, as a manufacturer, lacked the necessary control over its products after the point of sale as a matter of law. *Gelman Scis., Inc. v. Dow Chem. Co.*, 508 N.W.2d 142 (Mich. App. 1993).

**Failure To Warn (Count VIII)**: Wolverine fails to state a failure to warn claim because

Wolverine was a sophisticated PFAS user as a matter of law. M.C.L. 600.2947(4); *Aetna Cas. & Surety Co. v. Ralph Wilson Plastics Co.*, 509 N.W.2d 520 (Mich. App. 1993). Furthermore, 3M cannot be liable for failure to warn because the alleged risks of disposing of PFAS in the environment were or should have been obvious to a reasonably prudent product user. M.C.L. 600.2948(2).

**Design Defect (Count IX)**: Wolverine's design defect claim fails because Wolverine has not plausibly pleaded the existence of a feasible alternative design during the relevant time frame. M.C.L. 600.2946(2).

**Breach Of Implied Warranty Of Merchantability (Count X)**: Wolverine fails to state a claim for breach of the implied warranty of merchantability because, first, Wolverine has not alleged that 3M's products were not "of average quality within the industry." *Guaranteed Constr. Co. v. Gold Bond Prods.*, 395 N.W.2d 332 (Mich. App. 1986). Second, Wolverine does not allege that the products were not functioning properly at the time of the alleged injuries. *Beaver v. Howard Miller Clock Co.*, 852 F. Supp. 631 (W.D. Mich. 1994). Third, Wolverine was a sophisticated PFAS user as a matter of law. *Jodway v. Kennametal, Inc.*, 525 N.W.2d 883 (Mich. App. 1994). Fourth, the parties' contracts disclaim the implied warranty of merchantability. M.C.L. 440.2316. Finally, Wolverine did not provide 3M reasonable notice of the alleged breach. M.C.L. 440.2607.

**Breach Of Implied Warranty Of Fitness For A Particular Purpose (Count XI)**: Wolverine fails to state a claim for breach of the implied warranty of fitness for a particular purpose because Wolverine does not allege that it relied on 3M to select a product suitable for a particular purpose, much less that 3M was aware of such reliance. *Guaranteed Constr.*, 395 N.W.2d 332. Furthermore, Wolverine's claim is barred because the parties' contracts disclaim

the implied warranty of fitness for a particular purpose. M.C.L. 440.2316. Finally, Wolverine's claim fails because Wolverine did not provide 3M reasonable notice of the alleged breach. M.C.L. 440.2607.

**Negligence (Count XII)**: Wolverine's negligence claim fails because it is preempted by Michigan's product liability statute. *See Greene v. A.P. Prods., Ltd.*, 717 N.W.2d 855 (Mich. 2006). Furthermore, Wolverine's negligence claim is barred by the parties' contracts. *Sa v. Red Frog Events, LLC*, 979 F. Supp. 2d 767 (E.D. Mich. 2013).

**CERCLA/NREPA (Counts XIII-XVIII)**: Wolverine's CERCLA and NREPA claims fail because 3M did not arrange for the disposal of hazardous substances. *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599 (2009). Furthermore, PFAS compounds are not "hazardous substances" regulated under CERCLA, and Wolverine has incurred no response costs arising from any other substance provided by 3M. *See Franklin Cty. Convention Facilities Auth. v. Am. Premier Underwriters, Inc.*, 240 F.3d 534 (6th Cir. 2001). Finally, Wolverine cannot pursue a cost-recovery action because it is subject to a Section 106 unilateral order from the EPA. *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757 (6th Cir. 2014).

**Consequential Damages**: Wolverine's request for consequential damages fails because the parties' contracts disclaim consequential damages. M.C.L. 440.2719.

**Attorney Fees**: Wolverine's request for attorney fees fails because Wolverine does not adequately allege that any statute, court rule, or contract entitles it to recover attorneys' fees. *See Barnes v. Sun Chem. Corp.*, 164 F. Supp. 3d 994 (W.D. Mich. 2016); *Haliw v. City of Sterling Heights*, 691 N.W.2d 753 (Mich. 2005). Furthermore, the parties' contracts bar Wolverine's request for attorney fees.

Dated:  February 11, 2019          Respectfully submitted,

<div style="margin-left:40%">

s/Richard Bulger
Joseph M. Infante (P68719)
Robert L. DeJong (P12639)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 454-8656

Michael A. Olsen
Daniel L. Ring
Richard Bulger
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

*Counsel for Defendant 3M Company*

</div>

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered with CM/ECF.

/s/Richard Bulger
Richard Bulger