# Appendix T



5.1.18  EXHIBIT
6
Aman    RR

S T A T E   O F   M I C H I G A N

CIRCUIT COURT FOR THE COUNTY OF KENT

WOLVERINE SHOE & TANNING          )
CORPORATION, a Michigan           )
corporation,                      )          Civil Action
                                  )          No.   2609
                        Plaintiff )
                                  )
vs                                )
                                  )
                                  )          JUDGMENT
TOWNSHIP OF PLAINFIELD, et al     )
                                  )
                       Defendants )
                                  )

At a session of said Court held in the
Court House in the City of Grand Rapids, on
the   6th   day of   May, 1966.

PRESENT:   HONORABLE   STUART HOFFIUS
                       Circuit Judge

The parties of this suit having come to an amicable

settlement, and the Court being fully advised in the pre-

mises, and approves of said settlement,

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1.  The plaintiff, Wolverine Shoe & Tanning Corpora-

tion, is authorized to use that portion of the premises

described in paragraph 2 of its Complaint, which is out-

lined in red on Exhibit A, attached to said Complaint,

as a dump for its industrial wastes.  It is adjudged that

said premises so outlined in red is a nonconforming use

within that term as used in the Zoning Ordinance of

Plainfield Township, which premises are described as

follows:

Commencing on the West line of the E 1/2
of the SW 1/4 of Section 4, Town 8 North,
Range 11 West, 1740 feet N of the N boundary
line of House Street, thence S along said
West line to the North boundary of House
Street, thence East along the North line of
House Street 1300 feet more or less to the
N and S 1/4 line, thence N along said N
and S 1/4 line, 1620 feet, thence North-
westerly 1320 feet more or less to beginning,
being approximately 50 acres, Plainfield
Township, Kent County, Michigan.

2.  Authorization to use said premises as a non-conforming use for the purpose of a dump for disposal of the industrial wastes of the plaintiff, is subject to the following conditions:

A.  Wolverine Shoe & Tanning Corporation shall conform with the following conditions and provisions:

(1)  It shall promptly become licensed by the State Health Department under Act 87 of Public Acts of 1965, to operate said dump.

(2)  It shall conform with Act 87 of Public Acts of 1965 and to all rules and regulations adopted thereunder by the Department of Public Health.

(3)  It shall conform to any Ordinance of the Township of Plainfield now in effect and/or later hereafter enacted pertaining to dumps.

(4)  It shall dispose of industrial solids and liquid wastes in such manner that odors will not un-reasonably interfere with the peace and enjoyment of rights of persons in that community, and make such treatment of such industrial wastes as is reasonably possible to eliminate odors therefrom.

-2-

Plaintiffs 000024222

7 pages

(4 1/2)  It shall maintain a 10 foot buffer strip of pines or similar shrubs or trees surrounding said premises.

(5)  It shall cover sludge and all other industrial wastes, other than liquid wastes, daily.

(6)  It shall dump industrial liquor and/or other liquid or semi-liquid wastes only in such places as tests previously taken show will readily absorb the same so that no part of said wastes will remain uncovered over sixty (60) hours.

(7)  Transportation of industrial wastes shall be made in a manner that will prevent any of said wastes from spilling from said containers, in transit from the place of business until said waste is dumped in the area above described.

(8)  It shall keep the area of said dump and its premises adjoining in such manner that they shall not become unsightly so as to adversely affect the market value of property in the community.

(9)  It shall not expand the dump to any other premises from that above described as being authorized as a nonconforming use, except by any variance or re-zoning which may be granted in conformance with the Zoning Ordinance of Plainfield Township.

(10)  If a public disposal system becomes available, it shall use said system in the disposal of its industrial wastes.

(11)  It shall see that water supplies and/or lakes or other waters not owned by the company

-2-

Plaintiffs 000024223

will not be contaminated by any use made of said dump.

       (12)  It shall so use said dump in such manner that it will not afford a breeding place for flies or vermin.

       (13)  Copies of plans and specifications furnished to any Health Department shall also be furnished to the Township of Plainfield, at the same time such plans are furnished to the Health Department.

       (14)  It shall make the dump and surrounding area owned by it available for inspection by the Town Board members and/or any of its duly authorized agents and/or attorneys, at any reasonable hours during working days, when requested.

       (15)  Said dump shall be used for disposal  of the industrial wastes only of said company.

       (16)  Said company will use said dump to the maximum extent for disposal of its industrial wastes consistent with the above provisions.

    3.  Costs are awarded to neither party as a public question is involved.

    4.  The temporary injunction issued in said cause is hereby dismissed.



Circuit Judge

Plaintiffs 000024224

Approved as to substance and form:

WOLVERINE SHOE & TANNING CORP.
a Michigan corporation, plaintiff

BY _____
      Its Attorney

TOWNSHIP OF PLAINFIELD, Defendant

BY _____
      Its Attorney

GEORGE COMSTOCK, GLADYS COMSTOCK,
ANTHONY GEDRITIS, HELEN GEDRITIS,
EDMUND BRODOWSKI, and SOPHIA
BRODOWSKI, Defendants

BY _____
      their attorney