UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiff,

v.

WOLVERINE WORLD WIDE, INC.,

    Defendant.

and

PLAINFIELD CHARTER TOWNSHIP
and ALGOMA TOWNSHIP,

    Intervening Plaintiffs,

v.

WOLVERINE WORLD WIDE, INC.,

    Defendant.
_____/

WOLVERINE WORLD WIDE, INC.,

    Third-Party Plaintiff,

v.

3M Corporation,

    Third-Party Defendant.
_____/

No. 1:18-cv-00039-JTN-ESC

HON. JANET T. NEFF

MAG. SALLY J. BERENS

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Polly A. Synk (P63473)
Danielle Allison-Yokom (P70950)
Brian J. Negele (P41846)
Assistant Attorneys General
Attorneys for Plaintiff
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
synkp@michigan.gov
allisonyokomd@michigan.gov
negeleb@michigan.gov

John V. Byl (P35701)
James Moskal (P41885)
Scott M. Watson (P70185)
Warner Norcross & Judd LLP
Attorneys for Defendant/Third-Party
Plaintiff
111 Lyon Street NW, Suite 900
Grand Rapids, MI 49503
(616) 752-2000
jbyl@wnj.com
jmoskal@wnj.com
swatson@wnj.com

Douglas W. Van Essen (P33169)
Elliot J. Gruszka (P77117)
Silver & Van Essen, P.C.
Attorneys for Intervening Plaintiffs
300 Ottawa Avenue NW, Suite 620
Grand Rapids, MI 49503
(616) 988-5600
dwv@silvervanessen.com
egruszka@silvervanessen.com

Joe G. Hollingsworth
Frank Leone
Attorneys for Defendant/Third-Party
Plaintiff
Hollingsworth LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
jhollingsworth@hollingsworthllp.com
fleone@hollingsworthllp.com

Daniel L. Ring
Michael A. Olsen
Richard F. Bulger
Timothy S. Bishop
Mayer Brown
Attorneys for Third-Party Defendant 3M
Corporation, Inc.
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dring@mayerbrown.com
molsen@mayerbrown.com
rbulger@mayerbrown.com
tbishop@mayerbrown.com

Harold A. Barza
Johanna Y. Ong
Joe M. Paunovich (P65340)
Valerie Roddy
Attorneys for Defendant/Third-Party
Plaintiff
Quinn Emanuel Urquhart &
Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
halbarza@quinnemanuel.com
johannaong@quinnemanuel.com
joepaunovich@quinnemanuel.com
valerieroddy@quinnemanuel.com

_____/

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff Michigan Department of Environmental Quality (MDEQ)[1], Intervening Plaintiffs Plainfield Charter Township and Algoma Township (Intervening Townships), and Defendant Wolverine World Wide, Inc. (Wolverine), hereby move the Court to approve and enter the proposed Consent Decree that was previously lodged with the Court in this action on February 3, 2020. (ECF No. 144.) Without constituting admission of any of the allegations or claims in this action, the proposed Consent Decree would resolve all claims of Plaintiff MDEQ and the Intervening Townships in this action, subject to certain reservations of rights specified in the Consent Decree.

1. On January 10, 2018, the Department of Attorney General, on behalf of MDEQ (collectively, the State) filed this action for declaratory and injunctive relief under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.*, and the Michigan Natural Resources and Environmental Protection Act (NREPA), specifically Part 201, Environmental Remediation, Mich. Comp. Laws § 324.20101 *et seq.*,[2] against Defendant Wolverine. (ECF No. 1.)

---

[1] Pursuant to Executive Order 2019-06, effective April 22, 2019, the Department of Environmental Quality was renamed the Department of Environment, Great Lakes, and Energy.

[2] A claim under Part 31, Water Resources Protection, of the NREPA (Part 31), Mich. Comp. Laws § 324.3101 *et seq.,* was later dismissed by stipulation of MDEQ and Wolverine. (ECF No. 88, Order granting dismissal of Count III, and ECF No. 91, First Amended Complaint of MDEQ.)

2.  Plainfield Charter Township and Algoma Township moved to intervene in the case, and on April 12, 2018, the Court granted the Motion to Intervene. (ECF No. 12.)

3.  MDEQ, the Intervening Townships, and Wolverine reached a tentative agreement on terms of settlement in December 2019 following facilitated mediation and extensive negotiations. A proposed Consent Decree setting forth the terms and requirements of the settlement executed by the State, the Intervening Townships, and Wolverine was lodged with the Court on February 3, 2020. (ECF No. 143, Notice of Lodging of Proposed Consent Decree, and ECF No. 144, Proposed Consent Decree.)

4.  Concurrent with the lodging of the proposed Consent Decree, the State and Townships announced opportunities for the public to submit comments on the proposed Consent Decree, including: a public meeting held by Intervening Townships on February 4; a public comment session hosted by the Attorney General and the Michigan Department of Environment, Great Lakes and Energy (EGLE, the successor to MDEQ) on February 10; and an open period for submittal of comments via e-mail from February 3–13.

5.  The State has submitted to the Court a responsiveness summary addressing all comments received, in a separate filing. (ECF No. 147.)

6.  The State has reviewed the comments and has not learned of any facts or considerations indicating that the proposed Consent Decree is inappropriate, improper or inadequate.

7. The proposed Consent Decree was the product of extensive, good faith, arms-length negotiations among the parties with diverse interests. All parties to the settlement were represented by experienced counsel and participated in facilitated mediation with a skilled mediator.

8. In reviewing a consent decree the court is to ascertain "whether the decree is 'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010), quoting *United States v. Cnty. of Muskegon*, 298 F.3d 569, 580–81 (6th Cir. 2002); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991). Public policy generally supports "a presumption in favor of voluntary settlement" of litigation. *Lexington-Fayette,* 591 F.3d at 490, quoting *Akzo Coatings*, 949 F.2d at 1436.

9. The proposed Consent Decree is substantively fair, adequate to address the statutes named in the Complaints, and reasonable in its approach to meeting these obligations. No party secured everything it sought; however, the proposed settlement provides for drinking water that meets all state and federal standards to continue to be available to all households in the North Kent Study Area. The settlement also ensures continued monitoring of conditions in the North Kent Study Area to ensure protectiveness of the remedies, and has contingency plans for dealing with changes in conditions.

3

10. The Consent Decree is also adequate and consistent with the objectives set forth in MDEQ's and the Intervening Townships' Complaints and the statutes they rely upon. The proposed settlement addresses the potential risks to human health and the environment caused by per- and polyfluoroalkyl substances (PFAS) through a combination of approaches that provide long-term, reliable drinking water supplies to all impacted parcels in the North Kent Study Area (Exhibit A): extension of municipal water to about 1,000 homes; maintaining filters that are in place at certain homes in the North Kent Study Area where municipal water will not be extended; and sampling of certain residential wells that remain in use in the North Kent Study Area. (ECF No. 144, Sec. VI, pp. 17–22, Sec. VII, pp. 22–50.)

11. The proposed Consent Decree also obtains injunctive relief in the form of response activities consistent with Part 201 of the NREPA, including investigation and remediation requirements addressing Wolverine's former Tannery and the House Street Disposal Site. The proposed settlement includes groundwater investigations in several areas of the North Kent Study Area to define the extent of PFAS and monitor the stability of the plumes, and additional investigation to determine if there are any impacts of PFAS emanating from groundwater into surface waters of the Rogue and Grand Rivers. (ECF No. 144, Sec. VII, pp. 22–50.)

12. The establishment of a framework for ensuring the continued availability of drinking water that meets state and federal standards and implementation of response activities within the North Kent Study Area ensures that response activities will continue proceeding in an orderly and planned fashion,

without the delay and expense of litigation. The agreed-upon relief in the settlement is "in the public interest, will expedite effective response activity, and will minimize litigation." Mich. Comp. Laws § 324.20134.

13. If approved by the Court, the proposed Consent Decree would, without constituting admission of any allegation or claim, constitute a final judgment that would resolve all claims asserted by Plaintiff MDEQ and Intervening Plaintiffs Plainfield Charter Township and Algoma Township in this action, on terms and conditions set forth in the Decree.

14. The MDEQ, Plainfield Charter Township, Algoma Township, and Wolverine World Wide, Inc. hereby jointly move the Court to approve and enter the Consent Decree.

15. In order to begin construction of the municipal water system this construction season, the Parties respectfully request that the Court review and enter as expeditiously as possible the proposed Consent Decree.

For the foregoing reasons, the Court should approve and enter the proposed Consent Decree.

Dated: February 14, 2020

| | |
|---|---|
| */s/ Danielle Allison-Yokom* | */s/ Scott M. Watson* |
| Polly A. Synk (P63473) | John V. Byl (P35701) |
| Danielle Allison-Yokom (P70950) | James Moskal (P41885) |
| Brian J. Negele (P41846) | Scott M. Watson (P70185) |
| Assistant Attorneys General | Warner Norcross & Judd LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |

*/s/ Douglas W. Van Essen*
Douglas W. Van Essen (P33169)
Elliot J. Gruszka (P77117)
Silver & Van Essen, P.C.
Attorneys for Intervening Plaintiffs

6