UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiff,

and

PLAINFIELD CHARTER TOWNSHIP, et al.

    Intervenors-Plaintiffs,

v.

WOLVERINE WORLD WIDE, INC.,

    Defendant.
_____

WOLVERINE WORLD WIDE, INC.,

    Third-Party Plaintiff,

v.

3M COMPANY,

    Third-party Defendant.
_____/

Case No. 1:18-cv-39

HON. JANET T. NEFF

### **ORDER**

This complex litigation was initiated by state and local governments against Defendant Wolverine World Wide, Inc. under the citizen enforcement provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972(a)(1)(B), and Part 201, Environmental Remediation, of the Michigan Natural Resources and Environmental Protection Act (NREPA), MICH. COMP. LAWS § 324.20101 *et seq*. This case is at the center of extensive legal action

involving PFAS[1] environmental contamination in northern Kent County, Michigan, stemming from Wolverine's use and disposal of product containing Scotchgard in its Rockford, Michigan facilities.[2] The complexity of the claims, issues and relief notwithstanding, the parties have entered into a Consent Decree in settlement of key disputes and providing expedient and expansive relief for affected homeowners and the community. The parties' Joint Motion for Entry of the Consent Decree is granted without reservation.

The Consent Decree is a model resolution of a very complex problem that reflects the cooperative spirit of the parties to the litigation, in light of very serious public health consequences as a result of the contamination of the water supply of residents of northern Kent County. Through the parties' diligence and overriding focus on the public interests at stake, they negotiated a resolution in what is, by all accounts, record time for environment litigation of this nature.

The Court gives credit to all involved for this model collaborative resolution: to the lawyers who have guided this process through the Court, the support staff, consultants, government officials, the community, and the parties themselves—the Michigan Department of Environmental Quality, Plainfield and Algoma Townships, and Wolverine World Wide, Inc. Their achievement demonstrates that it is possible to resolve litigation in the context of broader principles and priorities—that reach far beyond the disputes immediately before the Court. The Consent Decree sets a high, but reasonable standard for litigation to achieve an expeditious and fair resolution of the claims and issues arising from the Michigan PFAS contamination crisis. It also sets a high, but fair standard for carrying out the obligations and commitments made in the Consent Decree,

---

[1] PFAS Compounds include PFOA (perfluorooctanoic acid) and PFOS (perfluorooctane sulfonate) and other per- and polyfluoroalkyl substances.
[2] This Court currently has five Wolverine cases involving PFAS contamination, including three consolidated class actions. Hundreds more individual cases have been filed in state court.

in the best interests of the affected homeowners, the surrounding communities, and the state of Michigan.

Therefore:

**IT IS HEREBY ORDERED** that the Joint Motion for Entry of Consent Decree (ECF No. 148) is GRANTED; the Consent Decree will be signed and entered accordingly as a final judgment under FED. R. CIV. P. 54 and 58 with respect to the claims of Plaintiff Michigan Department of Environmental Quality and Intervenors-Plaintiffs Algoma and Plainfield Townships against Defendant Wolverine World Wide, Inc.

**IT IS FURTHER ORDERED** that the parties to the remaining third-party claims and counterclaims, Wolverine World Wide, Inc. and 3M Company, shall not later than **March 4, 2020** file a **Joint Notice** setting forth (1) the status of the claims/case, and (2) recommendations for proceeding.

Dated: February 19, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge