UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiff,

v.

WOLVERINE WORLDWIDE, INC.,

    Defendant.

and

PLAINFIELD CHARTER TOWNSHIP
and ALGOMA TOWNSHIP,

    Intervening Plaintiffs,

v.

WOLVERINE WORLDWIDE, INC.,

    Defendant.
                              /

No. 1:18-cv-00039-JTN-ESC

HON. JANET T. NEFF

MAG. SALLEY BERENS

**STIPULATION AND ORDER**

| | |
|---|---|
| Polly A. Synk (P63473) | John V. Byl (P35701) |
| Danielle Allison-Yokom (P70950) | Madelaine C. Lane (P71294) |
| Assistant Attorneys General | Janet L. Ramsey (P63285) |
| Attorneys for Plaintiff | James Moskal (P41885) |
| Environment, Natural Resources, and | R. Michael Azzi (P74508) |
| Agriculture Division | Warner Norcross & Judd LLP |
| P.O. Box 30755 | Attorneys for Defendant |
| Lansing, MI 48909 | 111 Lyon Street NW, Suite 900 |
| (517) 335-7664 | Grand Rapids, MI 49503 |
| synkp@michigan.gov | (616) 752-2149 |
| allisonyokomd@michigan.gov | jbyl@wnj.com |
| | mlane@wnj.com |
| | jramsey@wnj.com |
| | jmoskal@wnj.com |
| | mazzi@wnj.com |

Douglas W. Van Essen (P33169)
Legacy Litigation Group, PLLC
Attorney for Intervening Plaintiffs
300 Ottawa Avenue NW, Suite 620
Grand Rapids, MI 49503
(616) 988-5600
dwv@silvervanessen.com
_____/

Plaintiff, Michigan Department of Environmental Quality (now titled "EGLE"), Defendant Wolverine Worldwide Inc., ("WWW"); and Intervening Plaintiff, Plainfield Charter Township ("Plainfield") hereby memorialize the understanding reached in open court at a status conference on March 14, 2024:

## STIPULATION

1.   ECF 151 is the "as entered" Consent Decree in this Case ("Consent Decree").

2.   Consent Decree Section 6.1(b) obligates Plainfield to find a new well field to replace its contaminated Versluis Well Field.

3.   Pursuant to Section 26.1 of the Consent Decree, the Parties stipulate and agree to amend the Consent Decree to remove the requirement that Plainfield find a replacement wellfield for Versluis, and leave the rest of the language in place. Specifically, the Parties agree that the Consent Decree should be modified by removing the following language in Section 6.1(b): "develop and put into place a replacement wellfield for its Versluis wellfield,".

4.   Consent Decree Section 6.2(a) obligates Plainfield to enact the Ordinance attached to the Consent Decree as Appendix J.

5. After an expenditure of close to a million dollars, Plainfield has concluded that the only economically and technically viable option to meet the long-term drinking water needs of the communities it serves and to replace the Versluis Wellfield, is to locate a municipal wellfield within the groundwater use ordinance's Affected Area. At this point, EGLE does not believe that Plainfield has demonstrated under applicable Safe Drinking Water Act procedures that a wellfield in the Affected Area is the only economically and technically viable solution to meet the Townships long-term drinking water needs. However, EGLE has not ruled out the possibility that such a demonstration could be made in the future by Plainfield.

6. EGLE and Plainfield agree that the Versluis wellfield is contaminated and the wellfield should not be used as a municipal water source and that the issue of where a municipal wellfield should be located is a matter that should be exclusively decided under state law, pursuant to the permitting and related procedures under state law, including state court judicial review of a final determination by EGLE ("State Law Result").

7. As a result, EGLE and Plainfield stipulate that if either is dissatisfied with the final State Law Result, they will not petition the federal court to use the Consent Decree's obligations or prohibitions as described above or more generally, to supersede the State Law Result pertaining to the location of a new municipal wellfield.

8. WWW's position is that it has no direct interest in the matter, but it will not oppose the stipulation described herein.

9. Further, WWW, EGLE and Plainfield stipulate that if the State Law Result allows Plainfield to locate a municipal wellfield in the Affected Area as described in the groundwater use ordinance, the Parties will work cooperatively to ensure that the Consent Decree is appropriately modified to allow the municipal wellfield to be located as specified in the State Law Result.

## ORDER

Having reviewed and considered the Stipulations above, the Court:

APPROVES the modification to Section 6.1(b) and the following language is removed: "develop and put into place a replacement wellfield for its Versluis wellfield,"; and

AGREES with the Parties that decisions regarding the location of a municipal wellfield should be made under the state law permitting process and if such a permit is issued, the Court will consider modifications proposed by the parties to the Consent Decree to facilitate such a location.

IT IS SO ORDERED.

Date: April 8, 2024

/s/ Janet T. Neff
Hon. Janet T. Neff, Senior District Court Judge

APPROVED AS TO CONTENT AND FORM:

        LEGACY LITIGATION GROUP, PLLC
        Attorneys for Plainfield

        By:*/s/ Douglas W. Van Essen*_____
            Douglas W. Van Essen

        **BUSINESS ADDRESS AND TELEPHONE:**

        300 Ottawa, N.W., Suite 620
        Grand Rapids, MI  49503
        (616) 752-7208
        dwv@silvervanessen.com


        MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
        Attorneys for Michigan Department of Environmental Quality

        By:*/s/ Danielle Allison-Yokom*_____
            Danielle Allison-Yokom

        **BUSINESS ADDRESS AND TELEPHONE:**

        P.O. Box 30755
        Lansing, MI  48909
        (517) 335-7664
        allisonyokomd@michigan.gov


        WARNER NORCROSS & JUDD LLP
        Attorneys for Wolverine World Wide, Inc.

        By:*/s/ R. Michael Azzi*_____
            R. Michael Azzi

        **BUSINESS ADDRESS AND TELEPHONE:**

        111 Lyon, N.W. Ste. 900
        Grand Rapids, MI  49503
        (616) 752-2149
        mazzi@wnj.com